# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HUNTER BENNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | |
| **TRUIST BANK and EQUIFAX** ) | _____ |
| **INFORMATION SERVICES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Truist Bank ("Truist"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and specifically preserving the right to demand arbitration pursuant to any applicable contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Superior Court of Fulton County, Georgia to the U.S. District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, Truist respectfully states as follows:

61787244 v1

## I. PROCEDURAL HISTORY

1. On or about June 5, 2025, Plaintiff Hunter Bennett ("Plaintiff") filed a Complaint against Truist and credit reporting agency Equifax Information Services, LLC ("Equifax") in the Superior Court of Fulton County, Georgia, assigned Case No. 25CV007720, for alleged violations of the Fair Credit Reporting Act ("FCRA"). (*See infra*, Comp. Ex. A.)

2. Truist was served on or about June 27, 2025. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

3. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. In pertinent part, section 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

## II. FEDERAL QUESTION JURISDICTION EXISTS

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

5. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff is asserting claims against Truist and Equifax based upon alleged violations of federal statutes and regulations (i.e., the FCRA).

6. Specifically, Plaintiff alleges that Truist incorrectly reported the subject loan account following the parties' entering into a settlement agreement to resolve the account balance and that Truist failed to correct the reporting in response to one or more disputes submitted by Plaintiff. (*See* Complaint, at ¶¶ 14–23.)

7. Plaintiff's allegations regarding Truist and Equifax's alleged violations of the FCRA raise substantial questions of federal law that are apparent from the face of the Complaint. Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Arianas v. LVNV Funding, LLC*, 2014 WL 5388167, at *1 (M.D. Fla. Jul. 10, 2014) ("Plaintiff pleaded a federal question under the FCRA, over which federal courts have original jurisdiction, and Plaintiff's Complaint was therefore properly removed."); *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264–65 (11th Cir. 1998) ("We hold that the sole purpose of the language at issue here is to allow state courts concurrent jurisdiction for actions brought under

the FCRA, and that the provision of concurrent jurisdiction does not prohibit removal.").

### III.     ADOPTION AND RESERVATION OF DEFENSES

8.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Truist's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV.     PROCEDURAL REQUIREMENTS

9.      This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10.     True and correct copies of "all process, pleadings, and orders" served upon Truist to date are attached hereto as **Composite Exhibit "A"** in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Truist to date in this case.

11. This removal is timely because it is being filed within thirty (30) days of service of the Complaint on Truist. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

12. Pursuant to 28 U.S.C. 1446(b)(2), all defendants who have been properly joined and served must join in or consent to the removal of the action. Equifax has advised the undersigned counsel as to its consent to the removal of this action. A notice of joinder and consent to removal executed by Equifax is attached hereto as **Exhibit "B"**.

13. The United States District Court for the Northern District of Georgia, Atlanta Division, is the court and division embracing the place where this action is pending in state court.

14. Truist reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Defendant Truist Bank prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia to the U.S. District Court for the Northern District of Georgia, Atlanta Division, and for all other such relief as this Court deems just, equitable, and proper.

Respectfully submitted this 28th day of July, 2025.

>  */s/ Rachel R. Friedman*
> Rachel R. Friedman
> Georgia Bar No. 456493
> rfriedman@burr.com
> BURR & FORMAN, LLP
> 1075 Peachtree Street NE, Suite 3000
> Atlanta, GA 30309
> Telephone:  (404) 815-3000
> Facsimile:  (404) 817-3244
>
> Attorney for Defendant
> TRUIST BANK

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

> */s/ Rachel R. Friedman*
> Rachel R. Friedman
> Georgia Bar No. 456493
> rfriedman@burr.com

BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via CM/ECF Notice of Electronic Filing on this 28th day of July, 2025:

LaTonya Sims
Law Offices of Robert S. Gitmeid & Associates, PLLC
100 Galleria Parkway, Suite 1570
Atlanta, GA 30339
LaTonya.S@gitmeidlaw.com
*Counsel for Plaintiff*

Christine Kapur
Equifax Legal Department
Legal Counsel-Litigation
1550 Peachtree Street, NW
Atlanta, GA 30309
404-885-8066
Fax: 404-885-1777
Email: christine.kapur@equifax.com


*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com